UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER SCHUMAN, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>MICROCHIP TECHNOLOGY INCORPORATED, et al.,<br><br>    Defendants. | Case No. 16-cv-5544-HSG (TSH)<br><br>Case No. 17-cv-1864-HSG (TSH)<br><br>**DISCOVERY ORDER**<br><br>Re: Dkt. Nos. 116, 117 |
| ROBIN BERMAN, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>MICROCHIP TECHNOLOGY INCORPORATED, et al.,<br><br>    Defendants. | |

The parties submitted a joint discovery letter brief on July 23, 2019, requesting in camera review of certain documents in Microchip and Wilson Sonsini's privilege logs. ECF No. 116.[1] In an order dated July 3, 2019, the Court directed the parties to "meet and confer to identify a representative sample of approximately ten to fifteen e-mails for the Court's *in camera* review." ECF No. 115. In a joint letter brief dated July 26, 2019, the parties identified twelve emails that would be submitted for in camera review. ECF No. 117. On August 2, 2019, Defendants submitted the emails to the Court.

---

[1] The Court uses the ECF numbers from the *Schuman* action. The same filings were made in both cases.

The main issue is whether these otherwise attorney-client privileged emails come within the fiduciary exception to the privilege. "[T]he attorney-client privilege is, perhaps, the most sacred of all legally recognized privileges." *United States v. Mett*, 178 F.3d 1058, 1062 (9th Cir. 1999) (citations and quotation marks omitted). "The privilege is intended to encourage full and frank communication between attorneys and their clients. In the words of the Supreme Court, '[t]he privilege recognizes that sound legal advice or advocacy serves public ends and that such advice or advocacy depends upon the lawyer's being fully informed by the client.'" *Id*. (quoting *Upjohn v. United States*, 449 U.S. 383, 389 (1981)).

"The Ninth Circuit, however, has joined a number of other courts in recognizing a 'fiduciary exception' to the attorney-client privilege." *Id*. "As applied in the ERISA context, the fiduciary exception provides that 'an employer acting in the capacity of ERISA fiduciary is disabled from asserting the attorney-client privilege against plan beneficiaries on matters of plan administration.'" *Id*. at 1063 (quoting *Becher v. Long Island Lighting Co.*, 129 F.3d 268, 272 (2d Cir. 1997)). Technically, "the fiduciary exception is not an 'exception' to the attorney-client privilege at all." *Id*. Rather, "as to advice regarding plan administration, a trustee is not 'the real client'" – the beneficiaries are – "and thus never enjoyed the privilege in the first place." *Id*.; *see also Stephen v. Unum Life Ins. Co. of America*, 697 F.3d 917, 931 (9th Cir. 2012).

However, "the fiduciary exception has its limits – by agreeing to serve as a fiduciary, an ERISA trustee is not completely debilitated from enjoying a confidential attorney-client relationship." *Mett*, 178 F.3d at 1063. "Thus, the case authorities mark out two ends of a spectrum." *Id*. at 1064. "On the one hand, where an ERISA trustee seeks an attorney's advice on a matter of plan administration and where the advice clearly does not implicate the trustee in any personal capacity, the trustee cannot invoke the attorney-client privilege against the plan beneficiaries." *Id*. "On the other hand, where a plan fiduciary retains counsel in order to defend herself against the plan beneficiaries (or the government acting in their stead), the attorney-client privilege remains intact."

"There is no binding precedent in this circuit delineating precisely when the interests of a Plan fiduciary and its beneficiary become sufficiently adverse that the fiduciary exception no

2

longer applies." *Stephan*, 697 F.3d at 933. "Courts that have considered the issue, however, have repeatedly rejected the argument that the prospect of post-decisional litigation is enough to overcome the fiduciary exception." *Id*. (citations and quotation marks omitted). In *Stephan*, the Ninth Circuit decided that "[t]he context of the documents" is the deciding factor. *Id*. If the "goal" of the "communications" relates to "the determination" of benefits, that is "a matter of plan administration," and the fiduciary exception applies. *Id*. By contrast, "preparation for litigation" does not trigger the exception.

Importantly, the Ninth Circuit has rejected the notion that the fiduciary exception is "expansive" and reaches "otherwise privileged legal advice" that merely "'relates to' fiduciary matters." *Mett*, 178 F.3d at 1064. The Court explained that "[t]his expansive view of the fiduciary exception . . . must be rejected for at least four reasons." *Id*. at 1065. "First, this view of the fiduciary exception threatens to swallow the entirety of the attorney-client privilege for ERISA trustees." *Id*. "Second, the expansive view unmoors the fiduciary exception from its justifying rationales." *Id*. "Third, and most importantly, where attorney-client privilege is concerned, hard cases should be resolved in favor of the privilege, not in favor of disclosure." *Id*. "Finally, from a policy perspective, an uncertain attorney-client privilege will likely result in ERISA trustees shying away from legal advice regarding the performance of their duties." *Id*.

The Court turns, then, to the emails. WSGR Priv. Log Item Nos. 180 and 187 are not 100% on either end of the spectrum. But reading these emails fairly and in context, it cannot be said that the goal of these communications was to interpret the plan or make a determination of an entitlement to benefits. At most, if the fiduciary exception were expansive, there might be an argument that these emails are "related to" plan administration. On the other hand, the subject line makes them look like preparation for litigation.

WSGR Priv. Log Item Nos. 59, 130, 131, 150 and 152 and Microchip Priv. Log Item Nos. 309 and 310 are likewise not perfectly at either end of the spectrum. They don't seem to be preparation for litigation. But they're also not advice about benefits owed or not owed or plan interpretation. These documents are best categorized as being "related to" plan administration, which the Ninth Circuit has rejected as being sufficient to apply the fiduciary exception.

3

Finally, we come to Microchip Priv. Log Item Nos. 272, 273 and 274. The bulk of the discussion in these emails is preparation for litigation. There is one paragraph in each of these emails, however, that includes plan interpretation. Nonetheless, the Court finds that the fiduciary exception does not apply, for two reasons. First, the plan interpretation is in the context of preparation for litigation, not in the context of advising on plan administration.

Second, and more importantly, Microchip was not a fiduciary when it received those emails. The emails are dated March 11, 2016, which is before the acquisition closed on April 4, 2016. As Judge Gilliam explained, "Plaintiffs fail to allege facts showing that Microchip exercised or had discretionary authority or responsibility in the administration of the plan *prior* to the merger . . ." ECF No. 54 at 13 (emphasis original, citation and quotation marks omitted). Recall that the theory behind the fiduciary exception is that when an attorney advises a fiduciary about how to administer a plan, the *real* client is the beneficiary. *Mett*, 178 F.3d at 1063. Before Microchip closed the acquisition, the real client being advised was simply Microchip.

True, Microchip probably remembered the advice it received in March when it then became a fiduciary in April. But that's not a sufficient basis to apply the fiduciary exception. As noted, there isn't a good argument that before the acquisition closed, the real client receiving legal advice was anyone other than Microchip. In March, at the time it received these emails, Microchip didn't owe fiduciary responsibilities to the plan beneficiaries. Surely the existence or non-existence of the attorney-client privilege has to be determined by the facts and circumstances existing as of the time of the communications, or legal advice will be chilled by uncertainty. As the Ninth Circuit explained in *Mett*, exceptions to the attorney-client privilege need to be kept limited and clear. Allowing the fiduciary exception to reach back in time to communications that were made before an entity became a fiduciary threatens too much uncertainty. It would cast a pall on due diligence review in corporate acquisitions, among other problems.

\\
\\
\\
\\

Accordingly, for the foregoing reasons, the Court finds that all twelve emails at issue are attorney-client privileged, and the fiduciary exception does not apply to any of them.

**IT IS SO ORDERED.**

Dated: September 13, 2019

THOMAS S. HIXSON
United States Magistrate Judge