UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER SCHUMAN, et al.,<br><br>  Plaintiffs,<br><br>   v.<br><br>MICROCHIP TECHNOLOGY INCORPORATED, et al.,<br><br>  Defendants. | Case No. 16-cv-05544-HSG<br><br>**ORDER GRANTING MOTION TO SEAL**<br><br>Re: Dkt. No. 138 |

Pending before the Court is the parties' administrative motion to file under seal documents in support of Plaintiffs' motion for summary judgment. Dkt. No. 138. The Court **GRANTS** the motion for the reasons detailed below.

### I.  LEGAL STANDARD

Courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* (quoting *Kamakana*, 447 F.3d at 1178). "[A] strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotations omitted).  To overcome this strong presumption, the party seeking to seal a judicial record attached to a dispositive motion must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process" and "significant public events." *Id.* at 1178–79 (quotations omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a

1 vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

The Court must "balance[] the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* Civil Local Rule 79-5 supplements the compelling reasons standard set forth in *Kamakana*: the party seeking to file a document or portions of it under seal must "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law . . . The request must be narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b).

Records attached to nondispositive motions must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure, as such records "are often unrelated, or only tangentially related, to the underlying cause of action." *See Kamakana*, 447 F.3d at 1179–80 (quotations omitted). This requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see also* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quotation omitted).

## II. DISCUSSION

Because the parties seek to seal portions of filings and documents which pertain to Plaintiffs' motion for summary judgment, the Court applies the compelling reasons standard.

The parties seek to seal documents which contain information about the benefits Defendants may have gained by retaining severance funds that were not paid to Plaintiffs. Defendants submitted their Rule 79-5 supporting declaration establishing that the documents contain confidential and proprietary information regarding Defendant Microchip's investments

1  and investment strategy, and that disclosure of the information would cause irreparable harm to
2  Defendants by providing an unfair advantage to Microchip's competitors.  Dkt. No. 140.
3       The Court did not rely on any of the documents that are the subject of the administrative
4  motion to seal, given that the parties agreed that the Court should terminate the motions for
5  summary judgment.  *See* Dkt. No. 156.  Thus, these documents are unrelated to the public's
6  understanding of the judicial proceedings in this case, and the public's interest in disclosure of
7  these documents is minimal given that the Court will not rule on the motion for summary
8  judgment to which these documents were attached.  *See In re iPhone Application Litig.*, No. 11-
9  MD-02250-LHK, 2013 WL 12335013, at *2 (N.D. Cal. Nov. 25, 2013) ("The public's interest in
10 accessing these documents is even further diminished in light of the fact that the Court will not
11 have occasion to rule on Plaintiffs' Motion for Class Certification.").  Accordingly, because the
12 documents divulge proprietary and confidential information unrelated to the public's
13 understanding of the judicial proceedings in this action, the Court finds that there are compelling
14 reasons to file the documents under seal.  *See Economus v. City & Cty. of San Francisco*, No. 18-
15 CV-01071-HSG, 2019 WL 1483804, at *9 (N.D. Cal. Apr. 3, 2019) (finding compelling reason to
16 seal because the sealing request divulges sensitive information no longer related to the case); *In re*
17 *iPhone*, 2013 WL 12335013 (same); *Doe v. City of San Diego*, No. 12-CV-689-MMA-DHB, 2014
18 WL 1921742, at *4 (S.D. Cal. May 14, 2014) (exhibit's disclosure of personal information and
19 irrelevance to the matter are compelling reasons to seal the exhibit).

### III. CONCLUSION

The Court **GRANTS** the parties' administrative motion to file under seal.  Pursuant to Civil Local Rule 79-5(f)(1), documents filed under seal as to which the administrative motions are granted will remain under seal.

**IT IS SO ORDERED.**

Dated: 9/29/2021

*/s/ Haywood S. Gilliam, Jr.*
HAYWOOD S. GILLIAM, JR.
United States District Judge

3