OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C., SBN 00504800
Mark G. Kisicki (CA SBN 150057)
mark.kisicki@ogletreedeakins.com
Elizabeth M. Soveranez (AZ SBN 024009)
admitted *pro hac vice*
elizabeth.soveranez@ogletreedeakins.com
2415 E. Camelback Road, Suite 800
Phoenix, AZ 85016
Telephone: 602.778.3700
Fax: 602.778.3750

| | |
|---|---|
| Mark Schmidtke (IN SBN 1733-45) | Erika L. Leonard (GA SBN 565965) |
| admitted *pro hac vice* | admitted *pro hac vice* |
| mark.schmidtke@ogletreedeakins.com | erika.leonard@ogletree.com |
| 56 S. Washington Street, Suite 302 | 301 Congress Avenue, Suite 1150 |
| Valparaiso, IN 46383 | Austin, TX 78701 |
| Telephone: 219.242.8668 | Tel.: 512.344.4700 |
| Fax: 219.242.8669 | Fax: 512.344.4701 |

*Attorneys for Defendants*

(Attorneys for Plaintiffs listed on following page)

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| ROBIN BERMAN, et al., | Case No. 4:17-CV-01864-HSG |
| Plaintiffs, | |
| v. | |
| MICROCHIP TECHNOLOGY INCORPORATED, et al., | |
| Defendants. | |
| PETER SCHUMAN, et al., | Case No. 4:16-CV-05544-HSG |
| Plaintiffs, | |
| v. | **STIPULATED REQUEST AND ORDER RE: SUMMARY JUDGMENT MOTIONS AND CASE SCHEDULES** |
| MICROCHIP TECHNOLOGY INCORPORATED, et al., | |
| Defendants. | Judge: Hon. Haywood S. Gilliam, Jr. |

**PLAINTIFFS' COUNSEL:**

Michael Rubin (SBN 80618)
Matthew J. Murray (SBN 271461)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Telephone:   (415) 421-7151
Facsimile:    (415) 362-8064
Email:  mrubin@altber.com
            mmurray@altber.com

Cliff Palefsky (SBN 77683)
Keith Ehrman (SBN 106985)
MCGUINN, HILLSMAN & PALEFSKY
535 Pacific Avenue
San Francisco, CA 94133
Telephone:   (415) 421-9292
Facsimile:    (415) 403-0202
Email:  cp@mhpsf.com
            keith@mhpsf.com

William B. Reilly (SBN 177550)
LAW OFFICE OF WILLIAM REILLY
86 Molino Avenue
Mill Valley, CA 94941
Telephone:   (415) 225-6215
Facsimile:    (415) 634-2897
Email: bill@williambreilly.com

1    WHEREAS, the parties filed a joint status conference statement on April 9, 2021 in these
2  related cases, *Berman et al v. Microchip Technology Inc.*, No. 4:17-cv-01864-HSG (*Berman*), and
3  *Schuman et al v. Microchip Technology, Inc.*, No. 4:16-cv-05544-HSG (*Schuman*), which addressed
4  how to move these cases forward efficiently following the Ninth Circuit's memorandum disposition
5  in *Berman* (*Berman* Dkt. 137; *Schuman* Dkt. 154);

6    WHEREAS, the Court on April 14, 2021 terminated the parties' then pending cross-motions
7  for summary judgment in *Schuman* (*Schuman* Dkt. 156), pursuant to agreement of the parties;

8    WHEREAS, the Amended Scheduling Order in *Berman* and *Schuman* set a dispositive motion
9  hearing deadline of January 13, 2022 (*Berman* Dkt. 140; *Schuman* Dkt. 157);

10   WHEREAS, the parties filed and briefed cross-motions for partial summary judgment in
11 *Berman* in the fall of 2021, which the Court took under submission on October 6, 2021 (Dkts. 145,
12 163, 165, 166, 168);

13   WHEREAS, Defendants contend that they interpreted the Court's standing order on successive
14 summary judgment motions as applying only to motions addressing the same claim, and that before
15 the Ninth Circuit appeal and remand, Plaintiffs had previously filed, and the Court entertained, two
16 motions for partial summary judgment in *Berman* addressing different claims.[1] Accordingly, on
17 December 9, 2021, 35 days before the dispositive motion hearing deadline per Civil Local Rule 7-
18 2(a), Defendants in *Berman* filed a Motion for Partial Summary Judgment on Plaintiffs' First Cause
19 of Action – For Equitable Relief (Dkt. 171), as to which Defendants contend they had not previously
20 moved for summary judgment, and Defendants in *Schuman* filed a Motion for Summary Judgment
21 (Dkt. 163), noticing both motions for hearing on January 13, 2022;

22   WHEREAS, on December 10, 2021, Plaintiffs in *Berman* filed an Administrative Motion to

---

[1] Plaintiffs continue to maintain that their pre-appeal motions in *Berman* did not address different claims and were filed with prior notice to the Court. Plaintiffs first moved for partial summary judgment in *Berman* on both claims for relief, and the Court granted judgment on Plaintiffs' denial of benefits claim and granted judgment as to liability on their breach of fiduciary duty claim. Then, after Plaintiffs' counsel discussed with Defendants' counsel how to resolve the remaining remedy issues and informed the Court of their intention, Plaintiffs filed a subsequent motion for summary judgment seeking interest and surcharge as a remedy for the breach of fiduciary duty claim.

1  Strike Defendants' Second Motion for Partial Summary Judgment or in the Alternative to Stay
2  Briefing before Defendants had responded to Plaintiffs' meet and confer voicemails and email sent
3  earlier that afternoon[2] (Dkt. 172);

4  WHEREAS, the parties conferred the following Monday after an exchange of emails over the
5  weekend, and reached an agreement in principle to file a Stipulated Request and Proposed Order
6  regarding Summary Judgment Motions and Case Schedules, under which Plaintiffs would withdraw
7  their "Motion for Administrative Relief" and the parties would request the Court stay further briefing
8  and hearing on Defendants' December 9, 2021 motions in both cases and would request a modification
9  of the Scheduling Order to vacate the currently pending dates in both cases, and then, after the Court
10 resolved the parties' submitted cross-motions for partial summary judgment in *Berman*, the parties
11 would meet and confer to propose a schedule for filing and briefing dispositive motions as to any
12 remaining issues in *Berman* and *Schuman;*

13 WHEREAS, on December 13, 2021, while the parties were exchanging drafts of the Stipulated
14 Request and Proposed Order regarding Summary Judgment Motions and Case Schedules in both cases,
15 the Court in *Berman* granted Plaintiffs' Administrative Motion to Strike Defendants' Second Motion
16 for Partial Summary Judgment or in the Alternative to Stay Briefing (Dkt. 173);

17 WHEREAS, the parties have been in discussions regarding possible mediation, which are still
18 ongoing;

19 WHEREAS, the parties have met and conferred regarding the pending summary judgment
20 motions and case schedules in these two related cases and have agreed that the most efficient way to
21 proceed, subject to the Court's approval, is: (1) for the Court to vacate the deadlines set forth in the
22 Amended Scheduling Order in these cases (*Berman* Dkt. 140; *Schuman* Dkt. 157) and to stay further
23 briefing or proceedings on Defendants' December 9, 2021 summary judgment motion in *Schuman*
24 until after it decides the parties' pending cross-motions for summary judgment in *Berman* (Dkts. 145,
25 163, 165, 166); and (2) for the parties to meet and confer promptly after the Court rules on the cross-

---

[2] Defendants contend they did not have the opportunity to meet and confer prior to the filing as they were in the process of researching and drafting a written response to the unexpected two voicemails (left 2.5 hours before the filing) and one email (sent 2 hours before the filing), which they still sent shortly after the filing.

3

Stip. Re: Summ. Judg. Mots. and Case Schedules and Order, Nos. 4:17-cv-1864-HSG, 4:16-cv-5544-HSG

motions in *Berman*, and to propose to the Court a new briefing schedule: (a) in *Berman,* to the extent any issues remain to be decided that can be resolved by further motions for summary judgment, which the parties have agreed not to oppose as improperly successive; and (b) in *Schuman,* with the parties either filing new cross-motions for summary judgment or, if Defendants choose to stand on their December 9, 2021 motion (Dkt. 163), for the filing of plaintiffs' opposition and cross-motion and the parties' subsequent reply and opposition briefs.

THEREFORE, the parties stipulate and request the Court to order as follows, based on the good cause described above:

1. Defendants' Motion for Summary Judgment in *Schuman* (Dkt. 163) is taken off calendar. All further summary judgment motions and briefing in *Berman* and *Schuman* are stayed until after the Court resolves the cross-motions in *Berman* that are currently under submission (Dkts. 145, 163, 165, 166);

2. All deadlines in the Amended Scheduling Order in *Berman* and *Schuman* (*Berman* Dkt. 140; *Schuman* Dkt. 157)  are vacated; and

3. Within 14 days after the Court resolves the currently pending cross-motions for summary judgment in *Berman*, the parties shall meet and confer and propose a case schedule for such further proceedings, including a schedule for briefing dispositive motions in both cases based on any issues that may remain in both cases after the Court's decision on the pending cross-motions for summary judgment in *Berman*.

| | |
|---|---|
| Dated: December 16, 2021 | Respectfully submitted, |
| | OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C. |
| | By: */s/Mark G. Kisicki*<br>   Mark G. Kisicki<br>   Elizabeth M. Soveranez, admitted *pro hac vice*<br>   2415 E. Camelback Road, Suite 800<br>   Phoenix, Arizona 85016 |
| | Mark Schmidtke, admitted *pro hac vice*<br>   56 S. Washington Street, Suite 302<br>   Valparaiso, IN 46383 |
| | Erika L. Leonard, admitted *pro hac vice*<br>   301 Congress Avenue, Suite 1150<br>   Austin, TX 78701 |
| | *Attorneys for Defendants* |
| Dated: December 16, 2021 | Respectfully submitted, |
| | ALTSHULER BERZON LLP |
| | By: */s/ Michael Rubin (with permission)*<br>   Michael Rubin<br>   Matthew J. Murray<br>   177 Post Street, Suite 300<br>   San Francisco, CA 94108 |
| | MCGUINN, HILLSMAN & PALEFSKY<br>   Cliff Palefsky<br>   Keith Ehrman<br>   535 Pacific Avenue<br>   San Francisco, CA 94133 |
| | LAW OFFICE OF WILLIAM REILLY<br>   William B. Reilly<br>   86 Molino Avenue<br>   Mill Valley, CA 94941 |
| | *Attorneys for Plaintiffs* |

**ORDER**

Pursuant to the parties' stipulation, it is **SO ORDERED.**

1. Defendants' Motion for Summary Judgment in *Schuman* (Dkt. 163) is taken off calendar. All further summary judgment motions and briefing in *Berman* and *Schuman* are stayed until further order of this Court.

2. All deadlines in the Amended Scheduling Order in both *Berman* and *Schuman* (*Berman* Dkt. 140; *Schuman* Dkt. 157) are vacated.

3. Within 14 days after the Court resolves the currently pending cross-motions for summary judgment in *Berman* (Dkts. 145, 163, 165, 166), the parties will meet and confer and propose a case schedule for further proceedings in both cases, including dispositive motions on any issues that may remain in both cases.

Dated:   12/17/2021

THE HONORABLE HAYWOOD S. GILLIAM, JR.
United States District Court Judge
Northern District of California

49669266.1