UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER SCHUMAN, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>MICROCHIP TECHNOLOGY INCORPORATED, et al.,<br><br>        Defendants. | Case No. 16-cv-05544-HSG<br><br>**ORDER DIRECTING SUBMISSION OF PROPOSED FORM OF JUDGMENT AGAINST NAMED PLAINTIFFS AND STAYING CASE**<br><br>Re: Dkt. No. 189 |

In August 2023, the Court found that the releases signed by the two named Plaintiffs, Peter Schuman and William Coplin, were entered into knowingly and voluntarily, and accordingly granted Defendants' motion for summary judgment as to these two Plaintiffs. *See* Dkt. No. 185.[1] The Court otherwise denied the motion, and noted that it was unclear how this class action could proceed without the two named Plaintiffs. *Id*. at 18, 24.[2] Accordingly, the Court ordered the parties to show cause why the class should not be decertified based on the individualized inquiry necessary to assess the validity of the releases signed by the majority of the class members. *Id*.

The parties have since responded to the Court's order to show cause, *see* Dkt. Nos. 187 and 188, and Plaintiffs have filed a motion for leave to amend the operative complaint to add the five non-releasing class members as plaintiffs, *see* Dkt. No. 189. As the parties acknowledge, there has always been a threshold legal dispute as to what test the Court should apply in determining whether the releases are enforceable. If Plaintiffs are right and Defendant violated its fiduciary duties as a matter of law by even seeking the releases, that would undermine the basis on which

---

[1] As the parties are very familiar with the factual and procedural history of this long-running case, the Court will not recount it here except as necessary to give context for this order.
[2] All references to page numbers in filings are to the ECF pagination at the top of the document.

1  the Court granted summary judgment against the named Plaintiffs.  On the other hand, if the
2  general six-factor test the Court applied controls in these circumstances, then (1) summary
3  judgment against the named Plaintiffs would remain appropriate; and (2) there clearly is no way
4  that this case could proceed as a class action given the individualized inquiries inherent in
5  applying that test.  Given this threshold legal question, Plaintiffs propose that the Court enter
6  judgment against the two named Plaintiffs under Federal Rule of Civil Procedure 54(b) to permit
7  an appeal, and stay further proceedings until the Ninth Circuit resolves the appeal.  *See, e.g.,* Dkt.
8  No. 187 at 9–10.[3]

9   A district court's "power to stay proceedings is incidental to the power inherent in every
10 court to control the disposition of the causes on its docket with economy of time and effort for
11 itself, for counsel, and for litigants."  *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  The court
12 may "find it is efficient for its own docket and the fairest course for the parties to enter a stay of an
13 action before it, pending resolution of independent proceedings which bear upon the case."
14 *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007)
15 (quoting *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979)).

16  The Court finds Plaintiffs' proposal sensible:  all parties, and the Court, will benefit from
17 definitive resolution of this dispositive threshold legal issue, which will dictate very different
18 paths for the remainder of the case depending on how the Ninth Circuit rules.  The Court thus
19 **DIRECTS** Plaintiffs to submit a short and non-argumentative proposed form of judgment under
20 Rule 54(d) as against named Plaintiffs Schuman and Coplin by Friday, April 12, 2024.  The
21 proposed form of judgment must not repeat any of the substantive analysis from any of the Court's
22 prior orders:  it is a ministerial document and is not a vehicle for amending or "clarifying"
23 anything about the existing record.

24  Until otherwise ordered, the Court **STAYS** the remainder of this case pending resolution of
25 the anticipated appeal of its order granting summary judgment against the named Plaintiffs.  *See*

---

[3] Plaintiffs also propose other possible courses of action, including "*sua sponte* reconsider[ation]"of the summary judgment order, Dkt. No. 187 at 9, all of which the Court rejects.

*Landis*, 299 U.S. at 254; *Dependable Highway Exp., Inc.*, 498 F.3d at 1066.  If no appeal is filed within 30 days of the entry of the Rule 54(d) judgment, the Court will set a case management conference.  Otherwise, once the appeal is filed, the parties are directed to file a non-argumentative joint status report every 180 days simply informing the Court of the status of the appeal.  The Court will administratively close the case once the appeal is filed, and will reopen it once the appeal is resolved.  The administrative closure will have no substantive effect on the case.[4]

Because Plaintiffs agree that the pending motion to amend (Dkt. No. 189) would need to be considered only if the Court decertifies the class, *see* Dkt. No. 193 at 10, the Court terminates that motion without prejudice pending resolution of the contemplated appeal.

**IT IS SO ORDERED.**

Dated:   4/9/2024

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[4] To the extent Defendant suggests that the Court is somehow now divested of jurisdiction over the remaining claims, *see* Dkt. No. 191 at 4-5, the Court finds that assertion unsupported by any relevant authority.  Defendant can raise this argument with the Ninth Circuit in a cross-appeal if it wishes.  And to the extent Plaintiffs have suggested in some places (though seemingly not in others) that the five individuals currently in the class who did not sign releases should be allowed to proceed with their claims immediately even if the class is not decertified, *see* Dkt. No. 187 at 19, the Court declines to adopt that proposal.  Plaintiffs' counsel chose to include these individuals in the now-certified class.  The Court will not further complicate this already-protracted case by trying to improvise a procedurally-permissible basis for carving these five people out of the class certification order Plaintiffs' counsel sought and obtained, based on their contention that an affirmative defense potentially available against other class members does not apply to them.