Michael Rubin (SBN 80618)
Matthew Murray (SBN 271461)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Telephone:  (415) 421-7151
Facsimile:  (415) 362-8064
Email:  mrubin@altber.com
        mmurray@altber.com

Cliff Palefsky (SBN 77683)
Keith Ehrman (SBN 106985)
MCGUINN, HILLSMAN & PALEFSKY
535 Pacific Avenue
San Francisco, CA 94133
Telephone:  (415) 421-9292
Facsimile:  (415) 403-0202
Email:  cp@mhpsf.com
        keith@mhpsf.com

William B. Reilly (SBN 177550)
LAW OFFICE OF WILLIAM REILLY
86 Molino Avenue
Mill Valley, CA 94941
Telephone:  (415) 225-6215
Facsimile:  (415) 634-2897
Email:  bill@williambreilly.com

*Attorneys for Plaintiffs and the Class*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| PETER SCHUMAN, an individual, and WILLIAM COPLIN, an individual, on behalf of themselves and on behalf of others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> MICROCHIP TECHNOLOGY INCORPORATED, a corporation; ATMEL CORPORATION, a corporation; and ATMEL CORPORATION U.S. SEVERANCE GUARANTEE BENEFIT PROGRAM, an employee benefit plan, <br><br> Defendants. | Case No. 4:16-CV-05544-HSG <br><br> **CLASS ACTION** <br><br> **JUDGMENT PURSUANT TO F.R.C.P. 54(b)** <br><br> Courtroom:  2, Floor 4 <br> Judge:  Hon. Haywood S. Gilliam, Jr. <br><br> Action Filed:  September 29, 2016 <br> Trial Date:  Not Set |

Plaintiffs Peter Schuman and William Coplin filed this putative class action in September 2016 against Defendants Microchip Technology, Inc. et al. under Sections 502(a)(1)(B) and 502(a)(3) of ERISA, 29 U.S.C. §§ 1132(a)(1)(B), 1132(a)(3), on behalf of themselves and 218 similarly situated former employees of Defendant Atmel Corporation. Dkt. 1. The Court certified the 220-plaintiff class under Fed. R. Civ. Proc. 23(b)(2) and (b)(3) on February 24, 2020 (Dkt. No. 122; *see also* Dkt. No. 131).

On August 23, 2023, the Court granted Defendants' motion for summary judgment as to Plaintiffs Schuman and Coplin, but otherwise denied Defendants' motion, noting that it was unclear how this class action would proceed without the two named Plaintiffs and ordering the parties to show cause why the class should not be decertified based on the individualized inquiry that would be necessary, under the Court's reasoning, to assess the validity of the releases signed by the majority of the class members. Dkt. No. 185. The parties responded to the order to show cause, and Plaintiffs also moved for leave to amend the operative complaint. Dkts. 187-90; *see also* Dkt. 196.

One of the threshold disputes in this case is what legal test the Court should apply in determining the enforceability of the releases signed by Plaintiffs Peter Schuman and William Coplin and the majority of class members. *See* Dkt. 196 at 1-2. The Court finds that all parties, and the Court, will benefit from a prompt interlocutory review of the Court's summary judgment order to enable the Ninth Circuit to provide a definitive resolution of that issue, which could materially affect how the remainder of this case will proceed.

Fed. R. Civ. Proc. 54(b) provides that, when multiple parties are involved in an action, the Court may direct entry of a final judgment as to some but not all parties if the Court determines that there is no just reason for delay. Entry of a final judgment in favor of Defendants and against Plaintiffs Schuman and Coplin only, and not against the other members of the certified class, will enable the two named Plaintiffs promptly to appeal the Court's judgment against them, notwithstanding that the Court has not entered judgment with respect to any other members of the certified class, thus avoiding the needless delay that would result from the parties having to litigate, and the Court having to adjudicate, issues pertaining to decertification of the class, amendment of the complaint, substitution of new class representatives, and any other issues that could arise going

forward in this case in the absence of a prompt interlocutory appeal of a Judgment entered against the named Plaintiffs.

For the reasons set forth above and in Dkt. 196, and in the interest of judicial efficiency, the Court finds that there is no just reason for delay of the entry of final judgment against Plaintiffs Peter Schuman and William Coplin.

Therefore, the Court enters final judgment pursuant to Fed. R. Civ. Pro. 54(b) in favor of all Defendants and against named Plaintiffs Peter Schuman and William Coplin for the reasons stated above and in the Court's August 23, 2023 Summary Judgment Order; and further, the Court orders that all further proceedings in this action shall be and hereby are STAYED pending resolution of any timely appeal and/or cross-appeal taken from this Rule 54(b) Judgment..

Dated:  4/11/2024

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge