OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C., SBN 00504800
Mark G. Kisicki, Esq. (CA SBN 150057)
mark.kisicki@ogletreedeakins.com
Elizabeth M. Soveranez (AZ SBN 024009) admitted *pro hac vice*
elizabeth.soveranez@ogletreedeakins.com
Esplanade Center III, Suite 800
2415 East Camelback Road
Phoenix, AZ 85016
Tel.: 602.778.3700
Fax: 602.778.3750

Mark Schmidtke (IN SBN 1733-45) admitted *pro hac vice*
56 S. Washington Street, Suite 302
Valparaiso, IN 46383
Tel.: 219.242.8668
Fax: 219.242.8669
mark.schmidtke@ogletreedeakins.com

Erika L. Leonard (GA SBN 565965) admitted *pro hac vice*
301 Congress Avenue, Suite 1150
Austin, TX 78701
Tel.: 512.344.4700
Fax: 512.344.4701
erika.leonard@ogletree.com

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

Oakland Division

| | |
|---|---|
| PETER SCHUMAN, an individual, and WILLIAM COPLIN, an individual, on behalf of themselves and on behalf of others similarly situated,<br><br>      Plaintiffs,<br><br>      v.<br><br>MICROCHIP TECHNOLOGY INCORPORATED, a corporation; ATMEL CORPORATION, a corporation; and ATMEL CORPORATION U.S. SEVERANCE GUARANTEE BENEFIT PROGRAM, an employee benefit plan,<br><br>      Defendants. | Case No. 4:16-CV-05544-HSG<br><br>**CLASS ACTION**<br><br>**DEFENDANTS' MOTION TO AMEND SCHEDULING ORDER TO REOPEN DISCOVERY**<br><br>Hearing Date:   April 2, 2026<br>Time:           2:00 PM<br>Courtroom.:    2, Floor 4<br>Judge:         Hon. Haywood S. Gilliam, Jr. |

**NOTICE**

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD,**

**PLEASE TAKE NOTICE**, that on April 2, 2026, at 2:00 PM, or as soon after that as the matter may be heard, in the courtroom of the Honorable Haywood S. Gilliam, Jr., in the United States Courthouse, 1301 Clay Street, Oakland, California 94612, Defendants will, and by this written submission do, move the Court, pursuant to Federal Rule of Civil Procedure 16(b), to amend the Scheduling Order to reopen discovery.

Defendants have good cause for their motion under Rule 16(b). Specifically, this Court originally certified the class, finding the question of whether the releases were enforceable would be based on class-wide evidence based on Plaintiffs' arguments – and despite Defendants' arguments to the contrary. Defendants proceeded with discovery based on the Plaintiffs' theory of their case. However, the Court's subsequent summary judgment order determined the Named Plaintiffs knowingly and voluntarily released their claims but also found, for the first time, that there was "not sufficient evidence for the Court to evaluate the six factors as to the remaining Plaintiffs who signed the releases," as it was "now apparent[] . . . that the threshold question regarding enforceability of the releases implicates individualized considerations," and ordered the parties to show cause why the class should or should not be decertified in light of that finding. [Dkt. 185 at 17-18.] On appeal, the Ninth Circuit actually *added* three additional individualized factors, making additional discovery – as to both the class and the Named Plaintiffs – even more necessary now that the case has been remanded to this Court.

Defendants base their motion on this Notice, their Supporting Memorandum of Points and Authorities, any reply memorandum or other papers Defendants may file, such argument as the Court may entertain, and all pleadings on file in this case.

Dated: February 10, 2026                         Respectfully submitted,

                                                 OGLETREE, DEAKINS, NASH,
                                                 SMOAK & STEWART, P.C.

                                                 By: s/ Mark G. Kisicki
                                                 Mark G. Kisicki
                                                 Elizabeth M. Soveranez

2415 East Camelback Road, Suite 800
Phoenix, AZ 85016

Mark Schmidtke
56 S. Washington Street, Suite 302
Valparaiso, IN 46383

Erika L. Leonard
301 Congress Avenue, Suite 1150
Austin, TX 78701

Attorneys for Defendants

# TABLE OF CONTENTS

I.       INTRODUCTION..................................................................................................1

II.      RELEVANT PROCEDURAL HISTORY.........................................................5

III.     ARGUMENT........................................................................................................6

     A.      The Prior Six-Factor Test and the New Nine-Factor Test Require
           Individualized Considerations Necessitating Additional Discovery. ...............7

     B.      Good Cause Exists to Reopen Discovery. ............................................................8

     C.      If the Court Does Not Decertify the Class, Class-Wide Discovery is
           Appropriate. .............................................................................................................12

     D.      Whether or Not the Court Decertifies the Class, Additional Discovery is
           Appropriate. .............................................................................................................15

IV.     CONCLUSION ...................................................................................................16

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aerojet Rocketdyne, Inc. v. Global Aerospace, Inc.*,
    2022 WL 36994 (E.D. Cal. Jan. 4, 2022) ..................................................................10

*Aldapa v. Fowler Packing Co., Inc.*,
    No. 115CV00420DADSAB, 2019 WL 2635947 (E.D. Cal. June 27, 2019)..........................13

*Andreoli v. Youngevity Int'l, Inc.*,
    2019 WL 1574319 (S.D. Cal. 2019)................................................................................11

*Arredondo v. Delano Farms Co.*,
    No. 01:09-cv-01247 MJS, 2014 WL 5106401 (E.D. Cal. Oct. 10, 2014) ..............................14

*Blair v. Scott Specialty Gases*,
    283 F.3d 595 (3d Cir. 2002)...............................................................................12, 15

*Bookhamer v. Sunbeam Prods., Inc.*,
    No. C-09-6027 EMC DMR, 2012 WL 5269677 (N.D. Cal. Oct. 23, 2012)...........................9

*Chiari v. Any & All Potential Claimants*,
    No. 19-cv-04748-JSW, 2023 WL 4936755 (N.D. Cal July 31, 2023) ...................................8

*City of Pomona v. SQM N. Am. Corp.*,
    866 F.3d 1060 (9th Cir. 2017) ........................................................................9, 12

*Gonzales v. Google, Inc.*,
    234 F.R.D. 674 (N.D. Cal. 2006)..................................................................................12

*Green v. City and County of San Francisco*,
    No. 17-cv-00607-TSH, 2018 WL 6181572 (N.D. Cal. Nov. 27, 2018) .................................10

*Klein v. Meta Platforms, Inc.*,
    No. 20-cv-08570-JD (VKD), 2022 WL 22936869 (N.D. Cal. Feb. 23, 2022)........................13

*Laub v. U.S. Dep't of Interior*,
    342 F.3d 1080 (9th Cir. 2003) ......................................................................................11

*Morrison v. Safeco Ins. Co. of Am.*,
    2025 WL 1155934 (D. Colo. Feb. 24, 2025) ....................................................................11

*Pierce v. Atchison Topeka & Santa Fe Ry. Co.*,
    110 F.3d 431 (7th Cir. 1997) .........................................................................................1

*Playboy Enters., Inc. v. Netscape Comm. Corp.*,
    354 F.3d 1020 (9th Cir. 2004) ...............................................................................12, 15

*San Francisco Baykeeper v. City of Sunnyvale,*
    No. 5:20-cv-00824-EJD, 2025 WL 823266 (N.D. Cal. Feb. 3, 2025)................................9, 10

*Schuman v. Microchip Tech, Inc.,*
    139 F. 4th 1045 (9th Cir. 2025) ..................................................................................... *passim*

*Tierno v. Rite Aid Corp.,*
    No. C 05-02520 TEH, 2008 WL 2705089 (N.D. Cal. July 8, 2008).......................................13

*Tyson Foods, Inc. v. Bouaphakeo,*
    577 U.S. 442 (2016)...............................................................................................................14

*Wit v. United Behavioral Health,*
    79 F.4th 1068 (9th Cir. 2023) ...............................................................................................14

**Statutes**

28 U.S.C. § 2072(b) ....................................................................................................................14

ERISA .................................................................................................................................. *passim*

**Other Authorities**

Federal Rules of Civil Procedure Rule 16 ............................................................................8, 9, 12

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO AMEND THE SCHEDULING ORDER TO REOPEN DISCOVERY**

## I.    INTRODUCTION

Plaintiffs Peter Schuman and William Coplin (the "Named Plaintiffs"), brought this case on their own behalf and on behalf of more than 200 others, asserting claims to severance benefits under the Atmel U.S. Severance Guarantee Benefit Plan ("Atmel Plan"), despite having executed agreements releasing those claims. From the outset, Defendants asserted that "Plaintiffs signed enforceable waivers that bar their benefit claims …." [*See*, *e.g.*, Dkt. 58, p. 20, Microchip's Answer to Complaint (sixth affirmative defense).]

Although Defendants consistently argued that Plaintiffs' releases were enforceable under the six-factor test courts had used to determine whether a release of ERISA claims was enforceable, including specifically raising the "knowing and voluntary" standard in their First Amended Answer in 2018, [Dkt. 59 at p. 22, ¶ 11 (alleging Plaintiffs "knowingly and voluntarily" signed the releases); Dkt. 145 at 12-13 (arguing Plaintiffs knowingly and voluntarily signed the releases under the then-applicable six factor test); Dkt. 163 at 7-9 (same)], Plaintiffs did not substantively address whether their releases met that test. To the contrary, they claimed only that the knowing and voluntary standard was irrelevant. [Dkt. 146 at 5 (arguing "Microchip's common law cases are irrelevant to whether Microchip may enforce [the] releases"); Dkt. 145 at 11-13 (arguing "this is an ERISA breach-of-fiduciary-duty case, as to which the usual common law rules do not apply…. they have no application to this case").]

Because Plaintiffs argued only that the Atmel Plan's "plain" language entitled them to benefits and that the releases were not enforceable due to alleged class-wide statements made after the April 4, 2016 merger, Defendants litigated the case based on Plaintiffs' then theory of the case and extant law. While Plaintiffs refused to dispute whether their releases were knowing and voluntary, the then-applicable six-factor knowing and voluntary standard *did* apply and only required that Plaintiffs could not show their releases were invalid under that standard – *regardless* of any alleged breach of fiduciary duty.. *See, e.g.*, *Pierce v. Atchison Topeka & Santa Fe Ry. Co.*, 110 F.3d 431, 438 (7th Cir. 1997) (stating that "[t]he plaintiff must come forward with specific

evidence sufficient to raise a question as to the validity of the release under the totality approach" and have that issue considered at trial while ""[a] bald assertion of misrepresentation by the employer, standing alone, is *legally insufficient*" (emphasis added)).

Accordingly, in opposing class certification, Defendants argued that individualized considerations regarding whether the class members' releases were "knowing and voluntary," would predominate over common questions. The Court rejected Defendants' argument and, instead, accepted Plaintiffs' position that no individual discovery would be necessary:

> Plaintiffs' argument that the releases are invalid is based on *class-wide communications that misrepresented the terms of the Atmel Plan*. The Court finds that common issues therefore predominate as to Plaintiffs' denial of benefits claim.

[Dkt. 122 at p. 23 (emphasis added).] At the time, the Court had already granted partial summary judgment to the plaintiffs in the related *Berman* case, holding that "[t]he Plan Administrator's interpretation of the Atmel Plan was so plainly incorrect as to violate any potentially applicable standard of review and that the Atmel Plan *unambiguously* granted severance benefits to Plaintiffs." *Berman*. [Dkt. 95 at 9.] Based on these rulings, Defendants' subsequent discovery focused only on the two Named Plaintiffs because they were standing in the shoes of the entire class and Plaintiffs asserted that they were relying only on class-wide statements to invalidate the releases. Following class certification, however, the Ninth Circuit reversed the *Berman* decision, finding that the Atmel Plan *was* subject to more than one reasonable interpretation and remanded the case for subsequent proceedings, which the parties ultimately resolved prior to trial.

Defendants ultimately moved for summary judgment in this matter, arguing, in relevant part, that the Named Plaintiffs' signed releases barred their benefit claims based on the applicable six-factor test. Specifically, "(1) plaintiff's education and business sophistication; (2) the respective roles of employer and employee in determining the provisions of the waiver; (3) the clarity of the agreement; (4) the time plaintiff had to study the agreement; (5) whether plaintiff had independent advice, such as that of counsel; and (6) the consideration for the waiver." [Dkt. 163 at 7 (citing *Parisi v. Kaiser Found. Health Plan Long Term Disability Plan*, No. C 06-04359 JSW, 2008 WL 220101, at *4 (N.D. Cal. Jan. 25, 2008) (waiver of ERISA claim valid because the plaintiff had "experience

as a manager or principal consultant," the release language was clear, the release gave the plaintiff 21 days to review and 7 days to revoke, and the plaintiff had the opportunity to seek advice of counsel)).] The Court's summary judgment order found that the Named Plaintiffs' releases were knowing and voluntary based on those six factors. However, as to the other class members, the Court now found – contrary to the class certification order – that it is "now apparent[] . . . that the threshold question regarding enforceability of [the class members'] releases implicates *individualized* considerations." [Dkt. 185 at 18 (emphasis added).]

In the summary judgment order, the Court also specifically noted that "Plaintiffs do not address the six-factor test *at all*, urging that this analysis is somehow improper" based on their argument that the releases were invalid simply because they were supposedly obtained through a breach of fiduciary duty. [Dkt. 185 at 12 (emphasis added).] This Court did not adopt that approach. *Id.* at 12-13 (stating "Plaintiffs offer no authority for this contention"). On appeal, the Ninth Circuit specifically *rejected* that argument as well. *Schuman v. Microchip Tech, Inc.*, 139 F. 4th 1045, 1053 n.4 (9th Cir. 2025) ("Schuman and Coplin urge us to adopt a test that would ask, as a prerequisite to any consideration of 'knowing and voluntary,' whether the release is unenforceable at the outset because of the fiduciary's improper conduct in obtaining it. We decline to adopt that approach, which no circuit uses."). To the contrary, the Ninth Circuit actually *expanded* the six-factor "individualized considerations," establishing a brand-new, nine-factor "totality of the circumstances" test with even *more* individualized factors: "whether the employee actually read the release and considered its terms before signing it;" "whether the employee knew of his rights under the plan and the relevant facts when he signed the release;" and "whether the employee's release was *induced* by improper conduct on the fiduciary's part." *Id.* at 1053 (emphasis added). In other words, both this Court and the Ninth Circuit have already *rejected* Plaintiffs' argument that a breach of fiduciary duty alone should invalidate the releases, rather than deciding whether they were knowing and voluntary based on either the six-factor or nine-factor test on other issues.

Now, the case has been remanded, Plaintiffs' theory rejected, and this Court has been directed to apply the new nine-factor test. For the first time, that new test makes some of Plaintiffs' various fiduciary breach claims a part of the evaluation of whether their releases are enforceable.

Now, for the first time, the question of whether Atmel had given Zoumaras authority to interpret the plan, as Plaintiffs assert, is material. Now, for the first time and contradicting the position they previously took in this case, Plaintiffs argue that a January 14, 2016 letter Zoumaras sent to a tiny percentage of the employees is now material. [*See* Dkt. 221, p. 7 of 20 (citing the letter as evidence that "Microchip was wrong and knew it was wrong" about the Atmel Plan expiring and Plaintiffs and the class having no right to benefits thereunder).] Now, for the first time, evidence demonstrating a legitimate dispute regarding those and various others of Plaintiffs' assertions, is material.[1]

Given Plaintiffs' assertions that *their* theory as to why the releases were not enforceable relied *solely* on class-wide evidence (and the Court affirming Plaintiffs' position by certifying the class over Defendants' objections), Defendants did not spend the resources that would have been required to develop the evidentiary showing that is now material. Moreover, Defendants did not – and would have no reason to – conduct discovery necessary to address the new factors the Ninth Circuit has subsequently added to the knowing and voluntary test. Nor did Defendants conduct discovery of the 200+ unnamed class members (which is not presumptively inappropriate in a class action case) regarding the six-factor test that, at the time, governed Plaintiffs' releases given the Court's class certification decision that the enforceability of the waivers would be decided a class-wide basis. But now it is necessary to reopen discovery so that Defendants can develop the evidence needed for the Court to properly apply all of the individualized factors, not only under the six-factor test, but under the expanded-factor test the Ninth Circuit adopted. Defendants recognize that this additional discovery will burden both Plaintiffs and Defendants, but it is essential for Defendants to defend the case on the grounds the Ninth Circuit has created, despite Plaintiffs never having argued it in nearly a decade of litigating this case. If discovery is not reopened, Defendants will be deprived of fundamental due process, without having been given an opportunity to litigate a challenge to their releases that Plaintiffs had never advanced and that the Ninth Circuit has adopted only on Plaintiffs'

---

[1] Indeed, in their Reply in Support of their Motion to Certify the Class, Plaintiffs specifically argued "the letter from Suzanne Zoumaras and "Frequently Asked Questions" document that Atmel distributed prior to the merger have *no bearing* on the enforceability of the releases under *Plaintiffs' theory*." [Dkt. 110 at 10 n.3 (emphases added).]

appeal of the Court having concluded that the Named Plaintiffs had knowingly and voluntarily released their claims under the standard Defendants had argued and Plaintiffs had not disputed.

## II.    RELEVANT PROCEDURAL HISTORY

The previous fact discovery period closed on October 8, 2021. [Dkt. 157.] Because the Court granted class certification after rejecting Defendants' argument that issues relating to the validity of each class member's release of claims would require "individualized determinations" as to each release, [Dkt. 122 at 23], Defendants' discovery necessarily was limited to the two Named Plaintiffs.

Defendants filed their Motion for Summary Judgment on December 9, 2021, arguing that Plaintiffs knowingly and voluntarily waived their claims on the basis of class-wide factors, under the six-factor knowing and voluntary test. [Dkt. 163 at 13.]

The Court determined that the releases signed by the two Named Plaintiffs "were obtained knowingly and voluntarily," therefore barring the Named Plaintiffs' claims. [Dkt. 185 at 10, 17.] The Court noted that it was "not clear . . . how this class action can proceed without the two named Plaintiffs," and that it did "not appear that any of the other class members would be meaningfully different from Messrs. Schuman or Coplin for purposes of substituting in as a class representative," but held that there was "not sufficient evidence for the Court to evaluate the six factors as to the remaining Plaintiffs who signed the releases." [Dkt. 185 at 17-18.] The Court stated that it was "now apparent[] . . . that the threshold question regarding enforceability of the releases implicates individualized considerations," and therefore ordered the parties to show cause "why the class should or should not be decertified in light of the Court's finding that individualized consideration is required under the six-factor test to determine whether the releases were obtained knowingly and voluntarily." [Dkt. 185 at 18.]

After the parties submitted responses to the order to show cause, and Plaintiffs filed a motion for leave to amend the operative complaint, the Court (at Plaintiffs' request) entered judgment against the two Named Plaintiffs to permit an interlocutory appeal to the Ninth Circuit. [Dkt. 196 at 1-2.] The Court stayed the remainder of the case. [*Id.* at 2-3.]

Defendants' Motion to Amend Scheduling Order to Reopen Discovery
Case No. 4:16-cv-05544-HSG

The Ninth Circuit held that, rather than the six-factor test, the analysis for determining whether a plaintiff's release of ERISA claims is "knowing and voluntary" should be decided based on a new test that includes three additional factors:

> [I]n evaluating the totality of the circumstances to determine whether the individual entered into the release or waiver knowingly and voluntarily, courts should consider the following non-exhaustive factors: (1) the employee's education and business experience; (2) the employee's input in negotiating the terms of the settlement; (3) the clarity of the release language; (4) the amount of time the employee had for deliberation before signing the release; (5) whether the employee actually read the release and considered its terms before signing it; (6) whether the employee knew of his rights under the plan and the relevant facts when he signed the release; (7) whether the employee had an opportunity to consult with an attorney before signing the release; (8) whether the consideration given in exchange for the release exceeded the benefits to which the employee was already entitled by contract or law; and (9) whether the employee's release was induced by improper conduct on the fiduciary's part.

*Schuman*, 139 F. 4th at 1053. The Ninth Circuit therefore reversed the summary judgment decision as to the Named Plaintiffs and remanded to this Court for further proceedings. *Id.* at 1056.

## III.    ARGUMENT

Even now, Plaintiffs continue to argue that whether Defendants breached their fiduciary duties and whether the alleged breach alone is sufficient to invalidate the releases must be decided based on class-wide evidence and, further, that only if there is ***no*** breach of fiduciary duty "will individual circumstances of any particular class member become relevant." [Dkt. 211 at 3, 7.] Yet, both this Court and the Ninth Circuit have expressly ***rejected*** this argument. As this Court stated:

> Taken to its logical extreme, Plaintiffs' argument would preclude parties from settling cases whenever the parties disagreed about the meaning of an ERISA plan. Plaintiffs have not offered any authority or policy rationale for such a sweeping prohibition, and the Court finds no basis to conclude that a knowing and voluntary release is nonetheless unenforceable in this context. The Court therefore finds it appropriate to evaluate the totality of the circumstances to determine whether the releases were in fact knowing and voluntary.

[Dkt. 185 at 12 (emphasis added)]; *see also Schuman*, 139 F. at 1053 n.4 ("Schuman and Coplin urge us to adopt a test that would ask, as a prerequisite to any consideration of 'knowing and voluntary,' whether the release is unenforceable at the outset because of the fiduciary's improper conduct in obtaining it. We decline to adopt that approach, which no circuit uses.").

As this Court has already acknowledged, determining whether each class member's release was "knowing and voluntary" requires individualized considerations, resulting in an Order to Show

Cause on whether the class should now be decertified. [Dkt. 185 at 18.] If the individualized consideration concept applied under the prior six-factor test, it is doubly relevant now that the Court must apply a new, nine-factor test requiring analysis of additional factors unique to each class member. *See Schuman*, 139 F. 4th at 1053. Defendants recently filed a motion to decertify the class based on these issues. [Dkt. 218.] If granted, additional discovery would certainly be necessary to address the individualized factors for 213 currently unnamed class members. And even if the class is not decertified, it still will be necessary for Defendants to serve written discovery requests on and depose each class member to obtain the facts relevant to the release analysis, as outlined below. Further, limited additional discovery is required of even the Named Plaintiffs as well as Atmel representatives regarding the Atmel Plan pre-merger to address the new factors relevant under the Ninth Circuit's new test. A central issue at trial is whether the claims of more than 200 class members are barred by their releases; if discovery is not permitted on this central issue, Defendants will nevertheless be forced to call 213 individuals to testify at trial to establish that their releases are valid, knowing, and voluntary – but without the benefit of any pre-trial discovery on those issues.

### A.    The Prior Six-Factor Test and the New Nine-Factor Test Require Individualized Considerations Necessitating Additional Discovery.

The Ninth Circuit's decision added three new factors to the analysis of whether a release of ERISA claims was knowing and voluntary: "whether the employee actually read the release and considered its terms before signing it" (factor five); "whether the employee knew of his rights under the plan and the relevant facts when he signed the release" (factor six); and "whether the employee's release was *induced* by improper conduct on the fiduciary's part" (factor nine). *Schuman*, 139 F. 4th at 1053 (emphasis added).

The first two factors (*actually* reading and considering the plan's terms and *actually* understanding their rights under the plan and relevant facts) are clearly individualized by class member. So is the third factor: to determine whether any alleged "improper conduct" by the fiduciary applied to each individual, and also whether it actually *induced* an individual to sign their release. Indeed, as Defendants explained further in their recently-filed motion to decertify the class, "whether the employee's release was induced by improper conduct on the fiduciary's part" obviously cannot

be assessed on a class-wide basis. Whether a release was induced for a particular employee is inherently dependent on each employee's decision-making process.[2] That factor and others clearly require individualized inquiries of every single one of the 213 unnamed class members who signed release agreements. Individual discovery is required regarding their backgrounds and experiences, their personal interactions with Defendants, their reasons for signing the releases, whether they actually consulted with an attorney about the releases, whether any allegedly wrongful conduct of Defendants induced them to do so, and their understanding of the releases.  Such discovery could be effectively obtained only through deposition testimony and written discovery.

As noted above, while Plaintiffs argue that a breach of fiduciary duty negates the need to address any other factors, the Ninth Circuit expressly **declined** to make this factor a prerequisite to consideration of the other factors. *See id.* at 1053 n.4 ("Schuman and Coplin urge us to adopt a test that would ask, as a prerequisite to any consideration of 'knowing and voluntary,' whether the release is unenforceable at the outset because of the fiduciary's improper conduct in obtaining it. We decline to adopt that approach, which **no** circuit uses." (emphasis added)). Further, discovery may reflect that individual communications with class members render this factor individualized as well for discovery and analysis purposes. Thus, **all** factors must be analyzed as to **each class member** to address whether the class members' claims were released, including serving written discovery and deposing all class members. While such depositions might be brief, they would be imperative so that Defendants can assert all of their rights and defenses under the law. As will be explained in detail below, there is no substitute for written discovery and depositions to fully analyze the nine factors relevant to the Court's analysis of each class member's release.

**B.    Good Cause Exists to Reopen Discovery.**

Motions to reopen discovery are governed by Rule 16(b) of the Federal Rules of Civil Procedure. *Chiari v. Any & All Potential Claimants*, No. 19-cv-04748-JSW, 2023 WL 4936755, at *2 (N.D. Cal July 31, 2023) (clarifying that the proper procedure to reopen discovery is to amend

---

[2] The Ninth Circuit's decision on this point eliminates Plaintiffs' argument in their Reply in support of their Motion to Certify the Class that "[t]here is no need for the Court to delve into each class members' individual reliance on Microchip's fraudulent misrepresentations or to determine whether those false statements in fact 'misled' each individual class member." [Dkt. 110 at 10.]

the scheduling order via Rule 16(b)). In determining whether good cause exists to reopen discovery, courts consider six factors:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

*Bookhamer v. Sunbeam Prods., Inc.*, No. C-09-6027 EMC DMR, 2012 WL 5269677, at *7 (N.D. Cal. Oct. 23, 2012) (quoting *U.S. ex rel. Schumer v. Hughes Aircraft Co.*, 63 F.3d 1512, 1526 (9th Cir. 1995), *vacated on other grounds*, 520 U.S. 939, 117 S.Ct. 1871 (1997)). Applying this analysis, good cause exists to reopen discovery as at least four of the six factors for analyzing a motion to reopen discovery weigh in favor of granting Defendants' motion.

First, trial in this matter is not "imminent," *see id.* at *7, as the Court set a trial date for July 9, 2026 and just took Defendants' motion to decertify the class under advisement – which could cause the current trial date to be extended. [Dkt. 222.] The additional discovery Defendants seek can be conducted promptly and efficiently so as not to cause undue delay. For these reasons, this factor weighs in favor of reopening discovery. *See, e.g., San Francisco Baykeeper v. City of Sunnyvale*, No. 5:20-cv-00824-EJD, 2025 WL 823266, at *4 (N.D. Cal. Feb. 3, 2025) (allowing discovery to be reopened when there would "be ample time to conduct and digest the additional proposed discovery"). Notably, however, even if the proposed discovery will affect trial dates, reopening discovery would still be required – to allow Defendants to assert their legal defenses. *See City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017) (holding that the district court abused its discretion by denying motion to reopen discovery even where the requested reopening would have resulted in delay of trial, noting that the delay was "not the result of a lack of diligence by" the moving party).

Second, while Plaintiffs stated in the August 19, 2025 Joint Status Report that any request to re-open discovery "should be a non-starter" [Dkt. 211 at 6], and have already argued that Defendants "should not be allowed to reopen discovery" [Dkt. 221 at 15-16], they have not claimed any prejudice. Rather, they side-step the individualized factors issue and continue to cling to the

argument that an alleged "breach of fiduciary duty" is supposedly a class-wide factor and the other factors would "not be material to any of the issues the Court would likely decide at trial." [*Id.*] But as Defendants explained above, this Court has already held that "the threshold question regarding enforceability of [the class members'] releases implicates *individualized* considerations" [Dkt. 185 at 18 (emphasis added)], what the Ninth Circuit actually articulated was "whether the employee's release was *induced* by improper conduct on the fiduciary's part," *Schuman*, 139 F. 4th at 1053 (emphasis added) and, further, the Ninth Circuit *declined* Plaintiffs' argument "to adopt a test that would ask, as a *prerequisite* to any consideration of 'knowing and voluntary,' whether the release is unenforceable at the outset because of the fiduciary's improper conduct in obtaining it. . . ., which no circuit uses," *Schuman*, 139 F. 4th at 1053 n.4 (emphasis). In other words, the Court can dismiss Plaintiffs' claims based on knowing and voluntary waivers regardless of any alleged breach of fiduciary duty.

At any rate, any prejudice to Plaintiffs is outweighed by Defendants' right to fully and fairly litigate their case. Prejudice is limited when the non-moving party has sufficient notice that the discovery sought is relevant and important to the case. *San Francisco Baykeeper*, 2025 WL 823266, at *4. Here, Defendants have always taken the position that Plaintiffs validly released their claims, and now seek permission to gather evidence in support of this defense, the standard for which the Ninth Circuit recently expanded. Given Defendants did not know about the new standard until after the close of discovery, reopening discovery is only fair. The discovery sought goes to the core of Defendants' current defenses and arguments, which weighs against any burden Plaintiffs might have in responding. *See, e.g.*, *Aerojet Rocketdyne, Inc. v. Global Aerospace, Inc.*, 2022 WL 36994, at *5-6 (E.D. Cal. Jan. 4, 2022) (granting Plaintiffs' motion to reopen discovery to depose "the individuals at the heart of [Defendant's] investigation" where the requested discovery was "likely to lead to relevant evidence"); *Green v. City and County of San Francisco*, No. 17-cv-00607-TSH, 2018 WL 6181572, at *4 (N.D. Cal. Nov. 27, 2018) (quoting *Woodard v. City of Menlo Park*, No. C 09-3331 SBA, 2012 WL 2119278, at *1-2 (N.D. Cal. June 11, 2012)) (noting any prejudice suffered by non-moving party is "substantially outweighed" by moving party's "need to engage in discovery to adequately prepare for trial"). If discovery is not reopened, the prejudicial effect to Defendants could

result in reversible error under Ninth Circuit precedent, which holds that prejudice is established if there is a "reasonable probability" that the outcome would have been different if discovery was permitted; *Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003) (reversing the district court's decision denying additional discovery, finding it would "create a 'reasonable probability' that the outcome of the factual motion to dismiss would be different").

Third, there is no basis to question that Defendants were "diligent in obtaining discovery within the guidelines established by the court." *Andreoli v. Youngevity Int'l, Inc.*, 2019 WL 1574319, at *6 (S.D. Cal. 2019) (granting motion to reopen discovery where insufficiency of prior discovery only became known after discovery closed, and therefore the delay was "excusable"). Defendants' prior discovery with the two Named Plaintiffs necessarily focused on the six-factor test that Defendants – like the Court – understood would apply to the release analysis. Defendants completed their prior discovery in a reasonable and timely manner and have not requested significant extensions.[3] Further, Defendants necessarily focused discovery on the two Named Plaintiffs, and did not previously seek discovery with respect to the absent class members, based on the Court's prior ruling that analyzing releases as to the entire class did "not require individualized determinations." [Dkt. 122 at 23.]

Fourth, Defendants could not have reasonably foreseen the need for this additional discovery during the prior discovery period. *See, e.g.*, *Morrison v. Safeco Ins. Co. of Am.*, 2025 WL 1155934, at *2 (D. Colo. Feb. 24, 2025) (factor weighed in favor of re-opening discovery based on little foreseeability that information was needed during discovery). In granting class certification, the Court held that whether the releases were knowing and voluntary would turn on class-wide statements, rejecting Defendants' argument that review of the releases required individualized

---

[3] After motion practice on Defendants' motions to dismiss the Complaint and First Amended Complaint and Plaintiffs' motion to certify the class, the court originally set a three-and-a-half month discovery period closing on July 15, 2020. [Dkt. 132.] The Court later continued the original *Schuman* trial date, due to both COVID-19 and the then-pending Ninth Circuit appeal in the related *Berman* matter. [Dkt. 152]. Once those matters were resolved, the parties filed a new case management statement, with the Plaintiffs arguing no further discovery was necessary. [Dkt. 152.] The Court entered an amended scheduling order on April 15, 2021, which set the close of discovery for October 8, 2021. [Dkt. 157.]

considerations that would have made class certification inappropriate. [Dkt. 122 at 24-25.] Not until after the close of discovery in its summary judgment order did the Court reconsider and recognize that the six-factor test required individualized considerations for the class members – a test that Plaintiffs unsuccessfully argued should not apply in this case. [Dkt. 185 at 18.] And only after the Court ruled on summary judgment did the Ninth Circuit announce a new test with three *additional* factors. Courts generally remand a case for additional discovery where – as here – legal standards are altered on appeal. *See Playboy Enters., Inc. v. Netscape Comm. Corp.*, 354 F.3d 1020, 1033 (9th Cir. 2004) (recognizing the higher standard in a trademark dilution claim adopted by the Supreme Court while the case was on appeal and remanding for further discovery directed at the new standard); *Blair v. Scott Specialty Gases*, 283 F.3d 595, 608-610 (3d Cir. 2002) (applying a new standard on appeal and remanding the case for discovery regarding the newly adopted evidentiary burdens).

Fifth, the discovery Defendants seek will lead to relevant evidence. Relevance is "defined broadly" for the purposes of discovery, *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 679-80 (N.D. Cal. 2006), and new elements of the test for a "knowing and voluntary" release, as set forth by the Ninth Circuit, are certainly relevant to the case. Defendants must be permitted to take discovery on all nine factors of the test – including those that were not previously known to Defendants or the Court – so that the Court can properly evaluate the current, requisite "totality of the circumstances." *See City of Pomona*, 866 F.3d at 1066-67 (holding the district court abused its discretion by denying motion to amend Rule 16 order to reopen discovery, where refusal to reopen discovery resulted in exclusion of key testimony at trial).

> **C.     If the Court Does Not Decertify the Class, Class-Wide Discovery is Appropriate.**

Defendants previously limited discovery to the Named Plaintiffs based on the Court's determination that the release issue could be decided on a class-wide basis without consideration of each of the individual releases signed by the class members. [*See* Dkt. 122 at 23.] However, in light of the Court's summary judgment order finding "[i]t is now apparent, however, that the threshold question regarding enforceability of the releases implicates *individualized considerations*," [Dkt. 185 at 18 (emphasis added)], as well as the Ninth Circuit's new test adding three additional factors,

individual discovery as to all absent class members is critical to allow the parties – and ultimately the Court – to determine whether the releases are valid if the Court does not decertify the class. Specifically, it is necessary for Defendants to briefly depose each class member to address the individualized factors the Court must consider in addressing whether each class member's release of claims was "knowing and voluntary." This includes analysis of each class member's level of education and business experience, whether they had input in negotiating the settlement, how much time they had to deliberate before signing, whether they read the release and understood it, whether they had the opportunity to consult with an attorney before signing, and whether each class member was "induced" by some improper conduct of a fiduciary to sign. *Schuman*, 139 F. 4th at 1053. *See, e.g.*, *Klein v. Meta Platforms, Inc.*, No. 20-cv-08570-JD (VKD), 2022 WL 22936869, at *2 (N.D. Cal. Feb. 23, 2022) (noting "absent class members are not immune from discovery . . . when the particular circumstances of the case justify it") (citing *Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121, 1131 n.10 (9th Cir. 2017 "The law on discovery directed to absent class members is flexible," and "[d]iscovery from absent class members is 'neither prohibited nor sanctioned explicitly' by the Federal Rules." *Tierno v. Rite Aid Corp.*, No. C 05-02520 TEH, 2008 WL 2705089, at *6 (N.D. Cal. July 8, 2008). Discovery of absent class members is permitted "in certain circumstances, where the information sought is relevant, not readily obtainable from the representative parties or other sources, and the request is not unduly burdensome and made in good faith." *Id.*

Here, an analysis of the relevant factors reflects that discovery from absent class members is justified under the unique circumstances of this case. The information Defendants seek is highly relevant – essential, in fact – to Defendants' ability to assert their defenses. No one other than the absent class members can testify as to the individual considerations relevant under the Ninth Circuit test, including whether they read and understood the release, and knew of their rights under the plan when they signed. Defendants' request for depositions of the absent class members is made in good faith so that Defendants can assert their defenses, analyzing the "individualized considerations" that will apply to each class member, as the Court has previously recognized. [Dkt. 185 at 18.]

Additionally, courts in the Ninth Circuit have historically allowed depositions of absent class members, particularly where they are limited in length. *See, e.g.*, *Aldapa v. Fowler Packing Co.*,

*Inc.*, No. 115CV00420DADSAB, 2019 WL 2635947, at \*7 (E.D. Cal. June 27, 2019) (permitting depositions of absent class members limited to four hours in length, and citing other cases where courts imposed time limits on depositions of absent class members); *Arredondo v. Delano Farms Co.*, No. 01:09-cv-01247 MJS, 2014 WL 5106401, at \*9 (E.D. Cal. Oct. 10, 2014) (allowing depositions of around 200 class members because the variability among the class regarding the claims at issue could not be completed via a less burdensome way, such as through a representative survey, because "[t]he two to four hours of time the 196 deponents will be asked to devote to the deposition is a relatively small time investment relative to a case of this size and one which should help provide clarity on the issue of liability to class members").

Further, assuming the class is not decertified, discovery of the absent class members will be essential for Defendants to defend against the class members' claims as they would in an individual action. The Court has already determined that it cannot determine the enforceability of the absent class members' releases based on its application of the six-factor test to the two Named Plaintiffs' releases. That determination is only amplified by the Ninth Circuit adding three new, individualized factors. Thus, refusal to reopen discovery would constitute a violation of the Rules Enabling Act, which prohibits application of Rule 23 in a way that "abridges, enlarges, or modifies" Defendants' substantive rights. 28 U.S.C. § 2072(b). *See Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 458 (2016) (explaining the Rules Enabling Act is violated by giving plaintiffs and defendants different rights in a class proceeding than they could have asserted in an individual action). In *Wit v. United Behavioral Health*, 79 F.4th 1068 (9th Cir. 2023), the Ninth Circuit held that certifying a class for an ERISA denial of benefits claim was erroneous where the certification was based on the district court's "determination that the class members were entitled to have their claims reprocessed regardless of the individual circumstances at issue in their claims." *Id.* at 1085. The court determined that, because "an individual plaintiff who demonstrated an error in the Guidelines would not be eligible for reprocessing without at least some showing that [the defendant] employed an errant portion of the Guidelines that related to his or her claim," when the district court certified the class, "Rule 23 was applied in a way that enlarged or modified Plaintiffs' substantive rights in violation of the Rules Enabling Act." *Id.* at 1086. Similarly, in this case, if the Court refuses to grant class-wide

discovery, the absent class members' releases will be analyzed regardless of the individual circumstances relevant under the nine-factor test. As a result, class members who may be found to have released their claims if they were individual plaintiffs could escape that determination as class members. This fundamentally unfair outcome cannot be permitted.

**D.** **Whether or Not the Court Decertifies the Class, Additional Discovery is Appropriate.**

Regardless of whether the Court decertifies the class, Defendants are entitled to discovery from the Named Plaintiffs (and the absent class members, if not decertified) to address the three new factors added by the Ninth Circuit. As explained above, those factors are individual in nature, requiring discovery as to all plaintiffs remaining in the case. Courts generally remand a case for additional discovery where – as here – legal standards are altered on appeal. *See Playboy Enters., Inc.*, 354 F.3d at 1033 (recognizing the higher standard in a trademark dilution claim adopted by the Supreme Court while the case was on appeal and remanding for further discovery directed at the new standard); *Blair*, 283 F.3d at 608-610 (applying a new standard on appeal and remanding the case for limited discovery on the newly adopted evidentiary burdens).

Finally, as Plaintiffs repeatedly asserted that their theory regarding the releases is based solely on class-wide evidence of an alleged breach of fiduciary duty – boiling down to Microchip making post-merger statements in various settings that the Atmel Plan had expired – they argued at the certification briefing stage that pre-merger communications, such as "the letter from Suzanne Zoumaras and "Frequently Asked Questions" document that Atmel distributed prior to the merger had ***no bearing*** on the enforceability of the releases under ***Plaintiffs' theory***." [Dkt. 110 at 10 n.3 (emphases added).] Given Plaintiffs' representations regarding their theory on the releases' enforceability at that time, Defendants did not incur then-unnecessary costs in seeking discovery of issues Plaintiffs represented were irrelevant. But Plaintiffs' theory has now flipped completely – arguing that this evidence ***is*** material, raising anew the need for discovery whether or not the class is decertified. Furthermore, the Ninth Circuit's addition of three new factors in that analysis, specifically, whether the plaintiffs were induced by a fiduciary's improper conduct, necessitates additional discovery regarding pre-merger communications between Atmel representatives

regarding the Atmel Plan and whether those somehow establish "improper conduct" by Microchip in stating post-merger that the Atmel Plan had expired and did not apply to the Microchip merger.

## IV.      CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant their Motion to Reopen Discovery for limited additional discovery from the absent class members who signed releases as to all nine factors under the new test if the class is not decertified and, regardless of whether or not the class is decertified, from the Named Plaintiffs and former Atmel representatives relating to the new factors relevant to the release analysis under the Ninth Circuit's new test and evidence and Plaintiffs' shifting theories of why the releases should supposedly not be enforced.

Dated: February 10, 2026

Respectfully submitted,

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: s/ Mark G. Kisicki
Mark G. Kisicki
Elizabeth M. Soveranez
2415 East Camelback Road, Suite 800
Phoenix, AZ 85016

Mark Schmidtke
56 S. Washington Street, Suite 302
Valparaiso, IN 46383

Erika L. Leonard
301 Congress Avenue, Suite 1150
Austin, TX 78701

Attorneys for Defendants

Defendants' Motion to Amend Scheduling Order to Reopen Discovery
Case No. 4:16-cv-05544-HSG

**PROOF OF SERVICE**

I, Cheyenne Camarena, declare:

I am a citizen of the United States and employed in Maricopa County, Arizona. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 2415 East Camelback Road, Suite 800, Phoenix, Arizona 85016. On February 10, 2026, I served a copy of:

**DEFENDANTS' MOTION TO AMEND THE SCHEDULING ORDER TO REOPEN DISCOVERY**

by electronic transmission. I am familiar with the United States District Court, Northern District of California's practice for collecting and processing electronic filings. Under that practice, documents are electronically filed with the Court. The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, assigned judge, and any registered users in the case. The NEF will constitute service of the document. Registration as a CM/ECF user constitutes consent to electronic service through the Court's transmission facilities. Under said practice, the following CM/ECF users were served:

Michael Rubin                                                           *Attorneys for Plaintiffs*
Matthew J. Murray
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108

Cliff Palefsky
Keith Ehrman
MCGUINN, HILLSMAN & PALEFSKY
535 Pacific Avenue
San Francisco, CA 94133

William B. Reilly
LAW OFFICE OF WILLIAM REILLY
86 Molino Avenue
Mill Valley, CA 94941

Executed on February 10, 2026 at Phoenix, Arizona.

/s/ Cheyenne Camarena