UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER SCHUMAN, et al., | Case No. 16-cv-05544-HSG |
| Plaintiffs, | **ORDER DENYING DEFENDANTS' MOTION TO AMEND SCHEDULING ORDER TO REOPEN DISCOVERY** |
| v. | |
| MICROCHIP TECHNOLOGY INCORPORATED, et al., | Re: Dkt. No. 226 |
| Defendants. | |

Pending before the Court is Defendants' motion to amend the scheduling order to reopen discovery. *See* Dkt. No. 226 ("Mot."). Briefing on this motion is complete. *See* Dkt. No. 232 ("Opp."); Dkt. No. 235 ("Reply"). The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). For the reasons discussed below, the Court **DENIES** Defendants' motion.

## I.    BACKGROUND

As the parties are familiar with the facts and extensive procedural history of this long-running case, the Court recites only the procedural history necessary to adjudicate this motion. The Court further incorporates by reference the background detailed in its recent and related order denying Defendants' motion to decertify the class. Dkt. No. 241.

The parties began written discovery in January 2018. *See* Dkt. No. 123 at 3. Following class certification, the Court issued a scheduling order which set deadlines for the close of discovery, dispositive motions, and trial. *See* Dkt. No. 132. At the time, the close of fact and expert discovery was July 15, 2020. *Id.* The Court later continued the case schedule in light of the COVID-19 pandemic and the appeal in the related action, *Berman v. Microchip Technology Incorporated*, Case No. 17-cv-01864-HSG. In the amended scheduling order, the Court extended

United States District Court
Northern District of California

the close of fact discovery for both this case and *Berman* to October 8, 2021. *See* Dkt. No. 157. In December 2021, by stipulation of the parties, the Court stayed all briefing on Defendants' motion for summary judgment and vacated all deadlines in this case pending resolution of the motions for summary judgment in *Berman*. *See* Dkt. No. 165. After denying the cross-motions in *Berman*, the Court stayed this case pending the *Berman* trial. *See* Dkt. No. 169. At the time, the parties acknowledged that fact discovery had closed. *See* Dkt. No. 167 at 6. Defendants also indicated that they believed this case could ultimately be resolved on a motion for summary judgment "for the reason that the releases bar any recovery." *Id.* at 8.

In January 2023, after *Berman* settled, the Court held a case management conference and lifted the stay and reopened this case. *See* Dkt. Nos. 170–172, 186. Although Defendants expressed a desire to renew their motion for summary judgment, they did not seek to reopen discovery. Dkt. Nos. 172, 173. The Court accordingly amended the scheduling order, including deadlines for the summary judgment briefing as well as trial. *See* Dkt. No. 175. In August 2023, the Court granted in part Defendants' motion for summary judgment, holding that the named Plaintiffs' releases were enforceable as knowing and voluntary under a six-factor test applied by several district courts in this Circuit. *See* Dkt. No. 185 at 11–12. Finding that everyone would benefit from interlocutory review of the summary judgment order, the Court entered final judgment pursuant to Federal Rule of Civil Procedure 54(b) in favor of Defendants and against the two named Plaintiffs. Dkt. No. 198.

Plaintiffs appealed. Dkt. No. 199. In June 2025, the Ninth Circuit reversed the summary judgment order. *Schuman v. Microchip Tech. Inc.*, 139 F.4th 1045, 1056 (9th Cir. 2025). As an initial matter, the Ninth Circuit held that "when a breach of fiduciary duties is alleged, courts must evaluate releases and waivers of ERISA claims with 'special scrutiny designed to prevent potential employer or fiduciary abuse.'" *Id.* at 1052 (citing *Vizcaino v. Microsoft Corp.*, 120 F.3d 1006, 1012 (9th Cir. 1997) (*en banc*)). The court reasoned that such heightened scrutiny is consistent with ERISA's purpose "to protect . . . the interests of participants in employee benefit plans . . . ." *Id.* (citing 29 U.S.C. § 1001(b)). Thus, in evaluating the validity of a release of claims under ERISA, "courts must consider alleged improper conduct by the fiduciary in obtaining a release as

part of the totality of the circumstances concerning the knowledge or voluntariness of the release or waiver." *Id.* at 1053. The Ninth Circuit identified the following non-exhaustive factors:

> (1) the employee's education and business experience; (2) the employee's input in negotiating the terms of the settlement; (3) the clarity of the release language; (4) the amount of time the employee had for deliberation before signing the release; (5) whether the employee actually read the release and considered its terms before signing it; (6) whether the employee knew of his rights under the plan and the relevant facts when he signed the release; (7) whether the employee had an opportunity to consult with an attorney before signing the release; (8) whether the consideration given in exchange for the release exceeded the benefits to which the employee was already entitled by contract or law; and (9) whether the employee's release was induced by improper conduct on the fiduciary's part.

*Id.* The court further explained that where "the district court has found a genuine issue of fact material to the issue of a breach of fiduciary duty in obtaining the release of claims, the final factor warrants serious consideration and may weigh particularly heavily against finding that the release was 'knowing' or 'voluntary' or both." *Id.* at 1053–54.

After the mandate issued, this Court reopened the case and set a case management conference in August 2025. *See* Dkt. No. 210. In the parties' joint statement, Defendants indicated that they intended to move to decertify the class and that they were "entitled to additional discovery." *See* Joint Status Report, Dkt. No. 211 at 7–8. At the time, however, Defendants did not file a motion to reopen discovery. Instead, in November 2025 they filed a motion to decertify the class. Dkt. No. 218. The Court set the briefing schedule on the motion to decertify and set the bench trial for July 9, 2026. *See* Dkt. Nos. 220, 222. In February 2026, after the briefing on the motion to decertify was complete, Defendants finally moved to amend the scheduling order to reopen discovery. Dkt. No. 226.

## II.    LEGAL STANDARD

Rule 16 requires "good cause" and the consent of the Court to amend a scheduling order. Fed. R. Civ. P. 16(b)(4). The good cause standard "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "Although the existence or degree of prejudice to the party opposing the modification

3

United States District Court
Northern District of California

might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Id.* "If that party was not diligent, the inquiry should end." *Id.*; *see also Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (quotations omitted) ("If the party seeking the modification was not diligent, the inquiry should end and the motion to modify should not be granted.").

While diligence is the primary factor, in determining whether there is good cause to reopen discovery, courts should also consider the following factors:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

*City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017) (quotation omitted).

### III.    DISCUSSION

Much like their motion for decertification, Defendants' argument to reopen discovery turns on the premise that the Ninth Circuit's recent opinion—and the nine-factor test it articulated—transforms the nature of this case. As the Court already explained in denying the motion for decertification, the Court disagrees that the opinion has such sweeping implications. *See* Dkt. No. 241. "Whether Defendants engaged in improper conduct in obtaining the releases truly is the 'central' and 'most important' issue in this case." *Id.* at 15; *see also Schuman*, 139 F.4th at 1053–54 (holding that "whether the employee's release was induced by improper conduct on the fiduciary's part" "warrant[s] serious consideration" and "may weigh particularly heavily against finding that the release was 'knowing' or 'voluntary' or both"). And critically, "[t]his issue is common to the class . . . and [] can be decided based on common proof." *See* Dkt. No. 241 at 15. At this stage, therefore, the Court finds that individualized inquiries into the background and personal experiences of each individual class member are unnecessary. *Cf. In re Worlds of Wonder Sec. Litig.*, 1992 WL 330411, at *2 (N.D. Cal. Jul. 9, 1992) ("Absent a strong showing of necessity, discovery [of absent class members] generally will be denied.") (alterations in original).

4

United States District Court
Northern District of California

The Court further notes that trial is imminent.  It is set for July 13, 2026, less than six weeks from now.  Plaintiffs understandably oppose the expansive new discovery that Defendants now seek:  serving written discovery on, and deposing, over 200 former Atmel employees who signed releases.  *See* Opp. at 8.  The Court agrees that the breadth and burdensome nature of the discovery now sought by Defendants ensures that it could not possibly be completed or digested before trial.  The Court also has some concern that Defendants' request is a strategic choice to further delay this decade-old case.  Defendants first raised the purported need to consider individualized factors about whether the releases were knowing and voluntary back in 2021 when they filed their motion for summary judgment.[1]  *See* Dkt. No. 163 at 7.  And although Defendants presented information at the time about the named Plaintiffs, they did not seek to reopen discovery to obtain information about the other class members back then.  Notably, even after the case was reopened following the Ninth Circuit appeal, Defendants still waited six months to file this motion.  *See* Dkt. No. 226.  Defendants offer no real explanation for this delay.

In short, the Court finds that Defendants have not shown good cause to reopen discovery at this time.  Nevertheless, as with class certification, the Court is not foreclosing the possibility that it may need to revisit this issue.  The Court may reassess the need to reopen discovery once it has developed the common factual record regarding Defendants' conduct in interpreting the Atmel Plan and communicating with class members.

## IV.    CONCLUSION

The Court **DENIES** Defendants' motion to reopen discovery at this time.  Dkt. No. 226.

**IT IS SO ORDERED.**

Dated:   6/4/2026

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[1] Although the six-factor test that Defendants identified and this Court adopted was not identical to the Ninth Circuit's nine-factor test, there is considerable overlap.  *Compare* Dkt. No. 163 at 7, *with Schuman*, 139 F.4th at 1053.